**H. E. STEVENS of Leloaloa, Plaintiff**

**v.**

**TEE of Vatia, Defendant**

No. 14-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Lemasaniai" of Vatia]

September 20, 1951

ARTHUR A. MORROW, *Chief Justice;* LETULIGA-SENOA, *Associate Judge;* and MALEPEAI, *Associate Judge.*

DECISION

Heard at Fagatogo on August 30, 1951.
M. T. Tuiasosopo for Tee; Meauta for H. E. Stevens.

MORROW, *Chief Justice.*

The right of succession to the matai name Lemasaniai of Vatia is involved in this proceeding. On January 9, 1951, Tee of Vitia [sic] filed his application with the Registrar of Titles to be registered as the Lemasaniai. On February 2, 1951, H. E. Stevens of Leloaloa filed an objection to the proposed registration and became a candidate for the name.

■ Section 926 of the A. S. Code, as amended, prescribing the requirements for eligibility to hold a matai title, reads as follows:

"Eligibility Requirements for Matai Title: No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have been born on American soil, except persons born of parents of Samoan blood who are (1) inhabitants of American Samoa, (2) but temporarily residing outside of American Samoa, or engaged in foreign travel at date of birth of such child, and (3) whose matai at any time within 13 years after the birth aforementioned files with the Registrar of Titles a sworn declaration that such child born outside of American Samoa now resides in American Samoa and desires such child to be an inhabitant of American Samoa."

Testimony with respect to Tee's eligibility to hold a matai title was heard. It satisfied the Court that he meets all the qualifications prescribed by section 926 as amended. Tuasivi, a witness for Stevens and obviously called by him to prove that Tee was born in Western Samoa instead of American Samoa, testified that Tee was born in American Samoa. In view of the testimony we have no doubt about Tee's having been born in American Samoa. Also certain naval records were introduced in evidence which showed that Tee was born in American Samoa. Tee served almost twenty years in the naval Fita Fita Guard and Band in Tutuila.

When Stevens was called as a witness he testified that he went to Hawaii in 1935 and remained there until 1946, returning to American Samoa on March 1, 1946. It fol-

lows, according to his own testimony, that he was not eligible to hold the matai title on February 2, 1951 when he filed his objection and became a candidate for the title. See Sec. 926(b), supra. Neither did he meet the requirements of Section 926(b) on February 8, 1951, which was the last day of 30 days allowed by Sec. 931 of the Code for filing objections to the registration of an applicant for a matai title.

■ At the hearing counsel for Stevens contended that Stevens' eligibility to hold the title should be determined as of the time (August 30, 1951) of the hearing which was more than five years after he returned to American Samoa on March 1, 1946; that it should not be determined as of February 2, 1951 when he filed his objection or as of February 8, 1951, the last day for filing objections to the proposed registration. It is obvious to us that on February 8, 1951, the date of the expiration of the 30 days allowed by Sec. 931, supra, within which to file objections, Tee was entitled to be registered as the holder of the Lemasaniai title unless there was on file an objection by a candidate having more right to be registered as the Lemasaniai than he. Since Stevens was not eligible on February 8, 1951, to hold a matai title on account of noncompliance with Section 926(b) of the Code, and there being no other objectors, it necessarily follows that Tee had a right to be registered as the holder of the title as of that day. We are unable to see how Stevens' subsequent eligibility, which could not exist until the last day of February, 1951, could take away Tee's right (which accrued at least as early as February 8, 1951) to be registered as the Lemasaniai. If the Court were to hold that Stevens was entitled to be registered as the holder of the title when he was ineligible to hold it on February 8, 1951, it would follow that Tee's vested right to be registered as of that date would be

destroyed. We can not agree with a view of the law that would reach such a result.

 It was also contended by counsel for Stevens that the High Court in the *Misa* case, No. 7-1951, ruled that eligibility of a candidate with respect to Section 926(b) was determined as of the date of the hearing. Neither the decision in the *Misa* case nor anything said by the Court during the hearing warrants this conclusion. In that case, one Ropati, who was a candidate for the matai name Misa, was dismissed by the Court as a party to the proceedings when he testified that he left American Samoa for the United States on November 5, 1946, and that he did not return to American Samoa until some time in June, 1947. In its opinion in the *Misa* case the Court said that Ropati "did not comply with Section 926(b) of the Code and dismissed him as a candidate, since it was obvious that he had not 'resided continuously' within the limits of American Samoa for five years either immediately preceding the vacancy of the title or before he becomes eligible for the title; ...!" The hearing in the *Misa* case was held on March 5–9, 1951. In orally dismissing Ropati as a candidate the Court said, "The fact that the Court finds that Ropati is at the present time not eligible to acquire a matai title and he will be eligible five years after June 1947—the mere fact that we find him to be not eligible at the present time does not mean he has lost any rights to the Misa family. He has all the rights he had in the Misa family. All that we have done is to decide that Ropati is not eligible to become a matai until some time in June of next year. That is all." There is nothing in either the decision in the *Misa* case or in the oral ruling of the Court dismissing Ropati as a candidate, to warrant the conclusion that the eligibility of a candidate for a matai title with respect to the five-year requirement in Section 926(b) of the Code is to be determined as of the time of the hearing. The Court made this clear when it

said, as above quoted, that "All that we have done is to decide that Ropati is not eligible to become a matai until some time in June of next year." If the contention that eligibility with respect to the requirements of Section 926 (b) were to be determined as of the date of the hearing rather than as of the time of filing the objections or 30 days therefrom, it would follow that an eligible applicant for the name might have his right to be registered as the matai taken away from him through the simple device of an objector's counsel securing postponement of the hearing until after the five years' residence within the limits of American Samoa required of the objector had elapsed. We do not believe that an interpretation of Section 926(b) which would permit the destruction of the vested right of an applicant to be registered as a holder of a matai name through any such subsequent act by an objector's counsel is sound.

■ "The rights and liabilities of the parties—that is, their rights to an action or to judgment or relief—depend upon the facts as they existed at the time of the commencement of the action, and not at the time of the trial." 1 American Jurisprudence, Title Actions, Section 59.

At the conclusion of the testimony the Court, upon motion by Tee's counsel, orally dismissed Stevens as a candidate and ordered that Tee be registered as the holder of the name Lemasaniai, having found him to meet all the requirements of Section 926 as amended.

For the purpose of providing a written decree, it is now ORDERED, ADJUDGED and DECREED that Tee be registered as the holder of the matai name Lemasaniai of Vatia. The Register of Titles will be so advised.

Costs in the sum of $25.00 are hereby assessed against the objector H. E. Stevens, the same to be paid within thirty days.